Marshall, C. J., Kinkade, Robinson and Matthias, JJ., concur.

---

No. 491

No. 20339—Wilbur L. Hall v. The Oldfield Tire & Rubber Company. Error to the Court of Appeals of Cuyahoga county.

891. PARTNERSHIP—Judgment creditor against a partnership in its firm name, cannot make an individual partner, a party to the judgment under 11651 GC. without pleading and proving partnership property is insufficient to satisfy the judgment.

JONES, J.

A creditor who has secured a judgment against a partnership in its firm name, cannot bring an action to make an individual partner a party to the judgment, under Section 11651, General Code, without pleading and proving that there is insufficient partnership property to satisfy the judgment.

Judgment reversed.

Allen, Kinkade, Robinson and Matthias, JJ., concur.

---

No. 492

No. 20286—The Baltimore & Ohio R. R. Co. v. Lottie P. Heck. Error to the Court of Appeals of Stark County.

225. CHARGE OF COURT—In suit for wrongful death by collision between railroad train and automobile at grade crossing, where evidence tends to show driver of car looked and also that he could have seen train if he had looked, it is error to refuse to charge that if jury finds he did look, plaintiff cannot recover if the jury further finds that he could have seen train if he had looked.

ROBINSON, J.

In a suit for wrongful death occasioned by a collision between a railway train and an automobile driven by the decedent, at a crossing at grade of such railway and a public street, where the evidence at the trial tends to prove that the decedent looked just before driving upon the crossing, and tends to prove that the physical facts were such at the time that had he looked he would have seen the oncoming train, it is error for the court to refuse to give to the jury a requested charge, made in writing, before argument, to the effect that notwithstanding the jury finds the evidence to be that the decedent looked just before he drove upon the crossing plaintiff cannot recover if the jury further finds that the physical facts were such that had he looked he must have seen the oncoming train in time to have avoid the collision.

Judgment reversed.

Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.

---

No. 493

No. 20289—Robert S. McMurray v. Vaughn's Seed Store. Error to the Court of Appeals of Logan county.

297. CONTRACTS—In action founded on contract defendant may, by answer, assert as set-off only a cause of action arising on contract or ascertained by decision of court.

1087. SET-OFF—Where in action on contract defendant by answer sets up cause of action for damages for negligence not connected with contract sued upon, demurrer should be sustained.

829. NEGLIGENCE—Retail dealer selling commodity not inherently dangerous, not liable for injury caused by defective condition unless dealer was negligent.

1255 WARRANTY—Where dealer sells article in manufacturer's original package and customer knows dealer has not inspected it, there is no implied warranty which would make dealer liable for damages caused by deleterious substance contained in such package.

MATTHIAS, J.

1. In an action founded on contract the defendant may by answer assert as a set-off only a cause of action arising on contract or ascertained by the decision of the court.

2. Where in an action on contract the defendant by answer set up a cause of action for damages alleged to have resulted from the negligence of the plaintiff, which cause of action did not arise out of nor was connected with the contract sued upon and the answer did not contain averments essential to make a good cause of action ex contractu, a demurrer thereto should be sustained.

3. A retail dealer in selling a commodity not inherently dangerous or harmful is not liable in tort for its defective condition which causes injury to another in the absence of some act of negligence on the part of the dealer.

4. Where a dealer sells an article of merchandise in the original package as it comes from the manufacturer and the customer buys it knowing there has been no inspection by the dealer, there is no implied warranty and in the absence of an express warranty or representation such dealer is not liable to the purchaser for damages caused by any deleterious substance in such merchandise the presence of which he had no knowledge.

Judgment affirmed.

Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.